DARTMOUTH MANUFACTURING CORPORATION, Respondent, *v.* EDWIN MAYER and Others, Copartners Doing Business under the Firm Name and Style of SOL FRIEDMAN & Co., Appellants.

First Department, May 19, 1922.

Sales — action by seller for failure of buyer to accept goods — construction of contract — contract provided for specified deliveries and, in case of curtailment of production during period of contract, deliveries to be made proportionate to production — where production curtailed buyer must accept deliveries after time deliveries would have been completed in case production had not been curtailed.

Where a contract for the sale of a specified quantity of goods provided for the delivery of " 6–7 per cent. weekly " to commence " as early as can in March," but that if production by the seller shall be curtailed during the time " above named " by strikes or lockouts or any unavoidable casualty, the delivery shall only be made proportionate to the production, the buyer is bound to accept deliveries of goods made after the expiration of the time during which all deliveries could have been completed at the weekly rate specified in the contract, that is about sixteen weeks, where it appears that during that period production was curtailed by strikes and the seller delivered quantities in proportion to the production, for under the terms of the contract the obligation of either party did not terminate until the full amount contracted for had been delivered.

Since the contract permitted the seller in the contingency named to make reduced deliveries and did not contain a clause which limited the time during which the contract should remain alive, except in so far as it provided for the manner in which deliveries might be required, it follows that the contract could not be terminated by the buyer so long as the seller continued to tender deliveries at the rate authorized by the contract.

APPEAL by the defendants, Edwin Mayer and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of December, 1921, denying defendants' motion for judgment on the pleadings consisting of a complaint and demurrer thereto.

*Irving D. Lipkowitz* of counsel [*Max D. Steuer* with him on the brief], for the appellants.

*George Link, Jr.*, of counsel [*Clark McKercher* with him on the brief], for the respondent.

Order affirmed, with ten dollars costs and disbursements, with leave to defendants to withdraw demurrer and to answer on payment of said costs and ten dollars costs of motion at Special Term, upon the opinion of LEHMAN, J., at Special Term.

Present — LAUGHLIN, DOWLING, PAGE and MERRELL, JJ.

The following is the opinion delivered at Special Term:

LEHMAN, J.:

The plaintiff herein has brought an action to recover damages for failure to accept merchandise under a contract of sale, which is annexed to the complaint. So far as material this contract reads as follows: "Sold for account of Dartmouth Mfg. Corp'n., New Bedford, Mass. To Sol Friedman & Co., 12 West 3d St., N. Y. C. Nine hundred and forty (940) pieces, including 10 per cent. tailings and 5 per cent. seconds at 5 per cent. less than price of firsts. First Quality Combed 3 Leaf Twills. Delivery from Mill. 6–7 per cent. weekly commence early as can in March, 1920. * * * If the production of the Dartmouth Mfg. Corp. shall be curtailed during the time above named by strikes or lockouts to counteract strikes, or any unavoidable casualty, the deliveries shall only be made proportionate to the production." The complaint sufficiently alleges that the production of the Dartmouth Manufacturing Corporation was curtailed by strikes from the fifteenth day of March until the twenty-sixth day of July, and that between the twenty-second day of March and the eighth day of July the plaintiff delivered and the defendants accepted and paid for 292 pieces, which constituted a delivery proportionate with the production of the plaintiff's mill. It further alleges that the plaintiff tendered and the defendants refused to accept or pay for similar proportions of goods on the 16th day of July and the 26th day of July, 1920, and that the defendants have since that time refused all tenders of goods made in accordance with the terms and conditions of the contract. The defendants have demurred to this complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and urge that under the terms of their contract they are not compelled to accept deliveries of any goods tendered after the fifteenth day of July. It is their contention that since under the terms of the contract six to seven per cent of the total amount was to be delivered weekly, beginning " as early as can in March," the parties contemplated that all deliveries would be completed within sixteen and two-thirds weeks. They concede that under the terms of the contract the plaintiff was excused from full delivery during the period of the strike, but they urge that the provision in the contract in this regard does not extend the time for delivery, but results merely in a diminution of the total amount which the plaintiff can be compelled to deliver. The contract provides for the sale and delivery of 940 pieces of goods, and the only limitation upon the time during which the contract could be performed is contained in the provision in regard to the time and rate at which such deliveries should be made, and there is nothing in the contract to show that so long as the deliveries

were made in accordance with the contract, the obligation of either party should terminate before the full amount contracted for had been delivered. The plaintiff agreed to make deliveries at the rate of " 6–7 per cent. weekly," except in one contingency, and the parties undoubtedly contemplated that unless that contingency arose the time for full delivery would expire in about sixteen weeks. Under the express terms of the contract, however, if that contingency arose " during the time above named," *i. e.*, during the time when deliveries at the rate of six per cent to seven per cent weekly could otherwise be required, then " the deliveries," *i. e.*, the deliveries to be made under the contract, " shall only be made proportionate to production." These words alone might perhaps not be sufficient to extend a definitely fixed term during which the deliveries under the contract must be made and completed, but they result in an obligation on the part of the plaintiff to deliver goods " only proportionate to production " instead of six to seven per cent weekly. Since the contract itself permits the plaintiff in this contingency to make reduced deliveries and contains no clause which limits the time during which the contract should remain alive, except in so far as it provides for the manner in which deliveries may be required, it must follow that the contract cannot be terminated by the defendants so long as the plaintiff continues to tender deliveries at the rate authorized by the contract. The fact that the contract provides that deliveries at the reduced rate shall be required only if the contingency arises " during the time above named " does not mean that the *effect* of that contingency arising during that time must be confined to the same period. The parties have provided that curtailment of the production of plaintiff's mills occurring after the time when the contract would have been completed if the seller had made deliveries in accordance with the contract should not excuse a previous failure to deliver, but where the contingency occurs during the time when under the contract the plaintiff's obligation and right to deliver was still uncompleted, then it seems to me that the contract under its terms remains in full force until such time as the deliveries which could be required at the rate of six to seven per cent weekly, together with the deliveries which could be " required proportionate to production " total the full quantity which the defendant agreed to buy. The defendants' motion for judgment is, therefore, denied, with ten dollars costs, with leave to withdraw the demurrer and serve an answer within twenty days after notice of entry of order herein upon payment of said costs. Settle order on notice.